IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELOYE PIERRE,[1] <br><br> Petitioner, <br><br> v. <br><br> LEONARD ODDO, *et al.*, <br><br> Respondents. | 3:26-CV-00159-CCW |

## ORDER

Before the Court is a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, a citizen of Haiti, is currently detained at Moshannon Valley Processing Center. ECF No. 1 at 3; ECF No. 8 at 4. He entered the United States at a point of entry in Brownsville, Texas on July 2, 2023. ECF No. 1 at 6; ECF No. 8 at 4. He was paroled into the United States, and the government avers that parole expired on or about June 30, 2025. ECF No. 8 at 4. Petitioner was taken into ICE custody at his arraignment on a pending DUI charge on or about October 15, 2025. *Id.* On January 8, 2026, an Immigration Judge ordered Petitioner be removed to Uganda. *Id.* After granting a motion to reopen the proceedings, on January 29, 2026, the Immigration Judge ordered Petitioner be removed to Haiti and denied his claims for asylum, withholding of removal, and withholding under the Convention Against Torture. *Id.* Petitioner's appeal before the BIA is pending. *Id.* Petitioner now asserts that he is subject to discretionary detention pursuant to § 1226(a) and not mandatory detention under § 1225(b)(2) and therefore that he is entitled to a bond hearing.[2]

---

[1] The docket appears to reflect an incorrect spelling of Petitioner's first name. The correct spelling is "Elorge Pierre," as reflected in the government's brief, ECF No. 8, and accompanying exhibits.

[2] To the extent Petitioner is required to exhaust administrative remedies, the Court finds that exhaustion would be futile in this case in light of the BIA's decision in *Matter of Yajure Hurtado,* 29 I. & N. Dec. 216 (B.I.A. 2025).

The Court agrees. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). This Court joins the overwhelming majority of District Courts to hold that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the Country. *See Singh v. Oddo*, No. 3:25-cv-00429, 2026 WL 73789, *4 (W.D. Pa. Jan. 9, 2026) (Brown, M.J.) (noting "growing consensus"). The Court does not find persuasive the recent decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Petitioner's detention is governed by § 1226(a) and he therefore has a statutory right to a bond hearing.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED IN PART, as follows:

1. Within seven days of this Order, Petitioner must receive an individualized bond hearing conducted by an immigration judge pursuant to 8 U.S.C. § 1226.

2. IT IS FURTHER ORDERED that if Petitioner does not receive a bond hearing by that date, or if the immigration judge declines to conduct a bond hearing based on *Matter of Yajure Hurtado*, Respondents shall immediately release Petitioner from custody.

3. IT IS FURTHER ORDERED that within seven days of the immigration judge's decision, the parties must file a joint notice on the docket advising the Court of the outcome of the bond hearing.

4.     IT IS FURTHER ORDERED that any motion for costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) shall be filed within ten days of this Order.

5.     IT IS FURTHER ORDERED that the Petition is DENIED in all other respects.

DATED this 11th day of March, 2026.

BY THE COURT:

<u>/s/ Christy Criswell Wiegand</u>
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record